HART, *qui tam*, against CLEIS.

HART
v.
CLEIS.

IN error, from the court of common pleas of *Ontario* county.

This was an action of *debt* for the penalty of 250 dollars, given by the 6th section of the act concerning slaves and servants, passed the 8th of *April*, 1801, (24th sess. c. 188.) The declaration stated that the defendant took, imprisoned, and carried away, a black man, named *Bazil Baker*, being a slave, and kept him in irons, during three days, with the intent to export him out of the state; and that the defendant did intend to export him out of the state, contrary to the statute in such case made and provided; by reason whereof, &c. There was a special demurrer to the declaration, and the following causes were assigned:

1. That the declaration does not allege upon what act of the legislature, if any, the right of action is founded.

2. That it is not alleged that the defendant, in attempting to export the slave, acted contrary to the provisions of the act.

3. That it is not alleged that *Baker* was a slave who was not liable to be lawfully exported out of the state.

On this demurrer, the court below gave judgment for the defendant on which a writ of error was brought to this court.

*Rodman*, for the plaintiff in error, observed, that he understood the special causes of demurrer were waived, and that the defendant relied on the general objection, as a substantial defect in the declaration, that it does not negative the exceptions and provisoes in the act. The 6th section of the act declares, " that if any person shall

In an action *qui tam*, on the 6th section of the act concerning slaves, (24th sess. c 188.) it was held, that the *exception* in the clause was matter of excuse to the defendant, and need not be negatived by the plaintiff in his declaration. That part of the *sixth* section of this act, which declares that " the slave exported or attempted to be exported, shall be free," does not operate, unless the master or owner is concerned in the exportation; but in case of a stranger, or third person acting without the knowledge of the owner of the slave, the only penalty is the forfeiture of 250 dollars.

NEW-YORK,
May. 1811.

HART
v.
CLRIS.
export, or attempt to export any slave or any servant born of a slave, and made free by virtue of the act, to any place without this state, except as is hereinafter provided;" &c. and the next section provides, that persons travelling or removing from the state may take their slaves, &c.

\* 3 *Johns. Rep.* 438. See also, 1 *Johns. Rep.* 553.

The general rule was laid down in *Bennet* v. *Hurd,*\* that where the *proviso* forms no part of the plaintiff's title, but merely furnishes matter of excuse to the defendant, it need not be negatived by the plaintiff.

*Sedgwick,* contra. In the present case, the exception or proviso is incorporated, and makes part of the sixth section, on which the action is brought, and ought, therefore, to have been negatived.

† 1 *Saund.* 262. 3. in note.

Serjeant *Williams*† lays it down, as a settled rule, that in an information on a penal statute, where there is an exception in the enacting clause, of persons acting under particular circumstances, it is necessary to state that the defendant is not within the exception.‡ In *King* v.

‡ 1 *Str.* 497. 2 *Ld. Raym.* 1386. § 6 *Term Rep.* 559. ‖ Lord *Raym.* 119.

*Protten,*§ it was admitted to be clear law, that where the exception is in the enacting clause, it must be negatived, as well as the exception contained in a former clause referred to by the enacting clause.

But there is another objection equally fatal. No person but the master of the slave can be liable for the penalty, under this act; for the penalty is not only the forfeiture of 250 dollars, but that the slave so exported or attempted to be exported, shall be free. Now the latter penalty implies that it must be the master or owner of the slave, or some person with his privity or consent; otherwise this manifest injustice would follow, that if a stranger, without the knowledge of the master, should export, or attempt to export the slave, the master would be deprived of his property. He would suffer a penalty, though he had not offended the law. He would be punished

because another had violated his property, and the laws of the state. Every judgment on the statute involves the freedom of the slave; and must, therefore, have reference only to the master.

*Rodman,* in reply, observed, that the rule had been repeatedly laid down by the court, and was clearly stated in the case of *Teel* v. *Fonda;\** that where the proviso or exception was matter of defence or justification to the defendant, it must be pleaded, and need not be negatived by the plaintiff.

* 4 *Johns. Rep.* 304.

As to the other objection, if the construction contended for by the defendant is to prevail, the statute will be, in a great measure, defeated. The words of the act are general; " if any person" shall export, &c. It extends to strangers or third persons, as well as to masters or owners of slaves. That construction ought to be adopted, which accords with the manifest intent of the legislature, and which will give effect to the statute.

*Per Curiam.* The action below was brought for a penalty incurred under the 6th section of the *act concerning slaves and servants.* (*Laws,* vol. 1. 612.) The special causes of demurrer stated upon the record, are not material; but the defendant relies upon what he alleges to be defects, in substance, in the declaration, viz. that the plaintiff does not negative the excepted cases in the section, and that he does not aver that the defendant was master of the slave, or acted with his privity.

It is a sufficient answer to the first objection, that the exception forms no part of the plaintiff's title or right of action, but is merely matter of excuse for the defendant. The excepted cases are not incorporated into the body and substance of the enacting clause; but are given *as exceptions,* and the instances are not specified in that, but in the subsequent section. The law on this subject has

been repeatedly declared by this court. (3 *Johns. Rep.* 438. 4 *Johns. Rep.* 304.) It is evident, from a view and comparison of the 6th and 7th sections of the act, that this case falls within the reason of those decisions; and that the excepted cases are mere instances of excuse to a party who takes a slave out of the state. Nor does there appear to be decisive weight in the other objection; for the words of the act are, " that if *any person* shall export, or attempt, &c. he shall forfeit," &c. The doubt has been created by the last words, " and the slave so exported or attempted to be exported, shall be free." This clause cannot operate, unless the master be concerned in the exportation; for to attach it to the conviction of a stranger, without the knowledge or privity of the master, would be depriving the master of his property unjustly. And, on the other hand, to confine the penalty to the act of the master only, would be contrary to the letter and spirit of the act, and would go, in a great measure, to destroy the effect of the provision. By applying the penalty to every person offending, and by restricting the enfranchisement of the slave to cases of offence by the master, the act will operate with efficacy and with justice; and it is the duty of the courts so to construe statutes, as to meet the mischief, and to advance the remedy, and not to violate fundamental principles.

For these reasons, the judgment below ought to be reversed.