## GOULD *v.* KELLEY.

An action, under the statute of December 31, 1828, against a party who, having given notice to take depositions, omits to take them, and to give seasonable notice to the other side that they will not be taken, lies against the party in interest who assumes the defence, though not a party of record.

The damages recoverable, are double the fees allowed to a witness for travel and attendance by the law in force when the cause of action arises, though different from the fees allowed when the statute was passed.

In such action, it being *ex delicto*, a set-off is not admissible.

A power-of-attorney attested by a witness, who together with the party to the instrument, is without the jurisdiction, can not be proved without proving the signature of the witness.

A declaration on a statute must negative the exceptions contained in the enacting clause.

If a declaration fail to state substantially all that is necessary to constitute a cause of action, judgment will be arrested.

CASE, to recover fees for neglecting to take depositions under the seventh section of the act of December, 1828.

The plaintiff offered evidence, that at the April term 1836, an action was entered in the court of common pleas in favor of the plaintiff against Catharine Gould, and was continued from term to term until October term 1841, and that upon the writ, certain real estate was attached which had previously been conveyed by the defendant in that suit, Catharine Gould, to Kelley, the defendant in this; that this defendant, Kelley, took upon himself the defence thereof, avowing himself to be the defendant in interest; that he paid counsel and witnesses, &c.; but that he had no further interest in it than to defeat the attachment that had been laid upon the land.

The defendant contended that as he was not the defendant upon the record in the action of *Gould* v. *Gould*, the present action would not lie against him. But the court ruled that if he actually took upon himself

the defence, in maintenance of his actual or supposed rights in the land against the attachment, and if all the proceedings were conducted by him as such defendant in interest, and not as the mere agent of Catharine Gould the defendant of record, this action would lie.

It appeared that Mr. Edes, who was counsel in the case, acted under a power-of-attorney from Catharine Gould, which purported to have been executed in New-York; and the subscribing witness resided without this State. The defendant proposed to prove the execution of the power, and for this purpose offered to prove by other evidence the signature of Catharine Gould; but the court ruled that the evidence was inadmissible.

The defendant filed in set-off a judgment recovered by him against the plaintiff at the October term in 1835, for the sum of $11.50; but the court ruled that the set-off was not admissible in this action.

The court instructed the jury that if they found for the plaintiff, they should assess the damages by taxing 16 cents a mile for the distance from the plaintiff's house to Nashua where the deposition was to be taken, and $1.50 for one day's attendance before the magistrate; such being the fees allowed at the time of the passage of the act of December 1828.

The jury found for the plaintiff, and assessed damages according to the instruction of the court; the verdict to be set aside or corrected according to the opinion of the court upon the case.

The defendant also moved in arrest of judgment because

1. The declaration does not allege that Israel Kelley was a party to the original action.

2. It does not allege that a notice or citation in legal form was delivered to the plaintiff.

3. It does not allege that the plaintiff was not notified not to attend the taking of the depositions.

4. That it does not contain the substantial requisitions of an action on the case in this; that it does not allege that the defendant was guilty of the subject matter of the action, with the intent craftily and subtilty to deceive and defraud the plaintiff, nor that the act was done " *contra formam statute.*"

*Burke,* for the plaintiff. I. Was Kelley a party to the action, *Oliver Gould* v. *Catharine Gould,* against whom this action can be maintained ?

He was not a party on the record, and this objection, the defendant contends, is fatal to the plaintiff's action.

The objection, however, is technical merely, and the jury under the ruling of the court, found that he was the defendant in fact in the said *Gould* v. *Gould.*

The statute of 1828, which gives the remedy sought in this action, uses the term " party" generally, without confining its application to the party nominally on the record. Construed liberally as it should be, being remedial in its character, it would imply the party in fact; him whose interests are involved in the issue of the suit, and who manages, controls, and supplies, the means of carrying on the action. The defendant in this action, tested by the spirit and intention of the act of 1828, must be regarded as the real defendant in the action *Gould* v. *Gould,* and liable to the defendant in some form for the costs he occasioned the plaintiff in maintaining his defence to that action. If our view of the construction of the act of 1828 be correct, he would be also liable in damages to the plaintiff in this action.

II. Was the set-off offered by the defendants properly rejected by the judge presiding at the trial ? Or, in other words, can a set-off be admitted in this form of action ?

The actions in which set-offs are admitted, are those in which " debts and demands" are the causes and foundations.

The matters which are the subjects of set-off, are " debts and demands." N. H. Laws 79 ; Rev. Stat. 377.

1. As to the actions in which set-offs are admissible. They can not be founded in tort. They must be founded in contract. " The demand of the plaintiff as well as the defendant must be a debt, and a set-off is not allowed in actions for tort, as upon the case, trespass, replevin or detinue." 1 Ch. Pl. 485. The only actions in which a set-off is allowed are assumpsit, debts, and covenant for the non-payment of money, and for which an action of debt or *indebitatus assumpsit* might be sustained, or where a bond in a penalty is given for securing the payment of money or an annuity, or at least stipulated damages. 1 Ch. Pl. 485. No set-off can be had in any action in form *ex delicto.* Nor in covenant upon specialty, or record. Nor where the claim arises from the negligence of the plaintiff as a factor in relation to merchandise consigned to him. Howe's Practice 344. This action is not founded in contract. It is founded in tort. It is an action on the case in form *ex delicto.* And therefore if the authorities above cited be law, the set-off is not admissible, and was properly rejected. If the conclusion expressed be correct, it will be unnecessary to argue this point further. If not, it will be necessary to consider ;

2. The matters which are the subjects of set-off. We have seen that they can not grow out of tort. 1 Ch. Pl. 485. That they must arise from contract. 1 Ch. Pl. 485 ; Howe's Practice 344. And that they must be for " debts or demands." N. H. Laws `79 ; Rev. Stat. 377. The " debt or demand" must be specific or liquidated, or capable of being rendered certain. 1 Ch. Pl. 485 ; Howe's Practice 344 ; 17 Mass. 178, and authorities hereafter cited. The plaintiff's cause of action must be specific and certain, and of such a nature that it could be set off by if it existed against the plaintiff. 1 Wh. Selwyn's N. P. 152; *Osborne* v. *Etheridge,* same point, 3 Wend.

339. Hence no set-off is admissible in an action on an open policy of insurance, although the demand be for a total loss, as the damages are uncertain and unliquidated. *Gordon* v. *Bowne*, 2 Johns. 150 ; *Hepburne* v. *Hoag*, 6 Cow. 613. Unliquidated damages can not be set off. *Adams* v. *Manning*, 17 Mass. 178 ; *Brown* v. *Cummings*, 2 Cow. 13 ; *Butts* v. *Collins*, 13 Wend. 139 ; *Sickells* v. *Fat*, 15 Wend. 559 ; *Colvin* v. *Carter*, 4 Ohio 356. Although they may be recovered in assumpsit. *Smart* v. *Warford*, 1 Southard 306 ; *Edwards* v. *Davis*, 1 Halstead. Unliquidated damages bounding in tort can not be set off under the plea of a payment to an action of debt on bond. *Hacklin* v. *Mulhallen*, 2 Dallas 237 ; 1 Yates 571 ; *Carroll* v. *Greene*, 10 S. & R. 14. In covenant unliquidated damages arising from the breach of other covenants to be performed by the plaintiff can not be set off. *Howlett* v. *Strickland*, Cowp. 56. A penalty growing out of a breach of agreement can not be set off as liquidated damages. *Davis* v. *Penton*, 9 D. & R. 369 ; 6 R. & C. 216.

To sum up the argument. The plaintiff's cause of action is not such as the defendant could set off against the plaintiff if it existed. It originated in a tort. It did not arise from a contract. It is not such a " debt" or " demand" (in the sense in which the word is used in the section regulating set-offs) as could be the subject of a set-off. It is not for a specific " debt or demand," nor for damages liquidated or capable of being rendered certain.

III. Shall the plaintiff recover double the amount in damages which would be allowed a witness for the same travel and attendance, when the act of 1828 under which this suit is brought, was passed ? Or shall he recover according to the fees allowed witnesses, at the time the cause of action accrued ? It is not a penal statute which acts upon the offender, under which this action arises, and therefore as the defendant contends to be construed strictly. But it is remedial in its character, acting only

upon the offence or rather wrong, and should therefore have a liberal and beneficial interpretation. 1 Bl. Com. 88. The statute gives this action, not for any offence committed by the defendant, but to remunerate the plaintiff for the trouble and expense which he incurs in cases coming within its purview. It is therefore not penal but remedial. But penal statutes may be construed liberally. The rule that they should be construed strictly has often been misapplied to statutes, and should generally be confined to the declaration on penal statutes, and to the evidence adduced in support of the declaration. *Fairbanks* v. *Antrim*, 2 N. H. 105.

IV. If the ruling of the court below is sustained in reference to the damages, a fourth question may arise; namely, Ought the costs to be limited? This action is not one in which the costs are limited by the statute of March 2, 1829. N. H. Laws 509. Nor by the Revised Statutes. Rev. Stat. 385. But it is one in relation to which the court has discretionary powers. It is to decide as it thinks "just and reasonable." N. H. Laws 509; Rev. Stat. 385. It is not a vexatious suit in which the plaintiff did not expect to recover more than $13.33. But on the contrary he did entertain a "just and reasonable" expectation of recovering more than that sum. In such cases as the last, the courts have uniformly allowed full costs. The established rule seems to be, that the plaintiff should have a reasonable expectation of recovering more than $13.33, and that the suit is not for vexatious purposes. *Rumney* v. *Ellsworth*, 4 N. H. 225; *Burbank* v. *Willoughby*, 5 N. H. 111; *Herrick* v. *Fuller*, 5 N. H. 247; *Ames* v. *Cady*, 6 N. H. 59; Revised Statutes 385.

*H. Newton & Metcalf*, for the defendant. 1. To the motion in arrest of judgment, as to the first cause alleged, we say that the declaration does substantially allege that Israel Kelly was a party to the original action. It alleges

that "he defended the same for his own proper benefit and interest in said action, and thereby became a party in interest in said action."

2. To the second, the declaration alleges, that the defendant "caused a citation or notice as by law prescribed, to be delivered to the plaintiff."

3. To the third, it was not necessary to allege that the defendant did not notify the defendant not to attend. Such an averment would have involved a negative which it would have been impossible for the plaintiff to prove; and no averment should be made that can not be proved.

Besides it was matter of defence and might have been shown in evidence on the trial, and if so shown would have been a complete defence to the plaintiff's action.

But if the averment was a necessary one, it was an instance of a title defectively stated and is therefore cured by the verdict.

The general rule is perfectly well settled, that when the matter alleged is peculiarly within the knowledge of the plaintiff, he must aver notice; but where it is equally in the knowledge of the defendant, the averment is unnecessary. *Jackson,* J., in *Lunt* v. *Paddleford,* 10 Mass. 238.

In the case of a title defectively stated, the common law intendment after verdict is, that every thing may be presumed to have been proved, which was necessary to sustain the verdict. 1 Chit. Pl. 360; 1 Chit. Pl. 712, 722; *Walpole* v. *Marlow,* 2 N. H. 385; *Livermore* v. *Boswell,* 4 Mass. 434; *Ward* v. *Bartholomew,* 6 Pick. 409; *Rushton* v. *Aspinwall,* 1 Smith's Leading Cases 334, and authorities there cited.

4. To the fourth objection, there is no particular technical language prescribed by the books to be used in declarations in actions on the case. It is necessary only to allege the facts which constitute the cause of action with the requisite legal certainty.

In *qui tam* actions it is necessary to allege the act con-

stituting the cause of action, to have been done *contra formam statuti;* but not where a remedy is given by a statute for a private injury. *Haskell* v. *Moody,* 9 Pick. 162. It is suggested that the plaintiff would be entitled to a remedy in this case, at common law. And in accordance with this view of the subject, the form of a declaration in this particular class of cases in the N. H. Justice recently published is drawn.

But if the declaration be adjudged bad, the plaintiff moves for leave to amend, on the authority of *Williams* v. *Hingham & Quincy Bridge and Turnpike Corporation,* 4 Pick. 341.

Woods, J. The statute of December 31, 1828, N. H. Laws 507, sec. 7, provides, " That if any party proposing to take any deposition, shall neglect or refuse to take the same, after notice given to the adverse party as aforesaid, such adverse party, in case of actual travel by himself or his attorney to the place and at the time mentioned in such notification, shall be entitled to have and recover in an action on the case, from the party proposing to take such deposition, double the fees which are allowed by law to witnesses for their travel and attendance at court in the trial of civil causes, unless seasonably notified in writing signed by the party proposing to take such deposition or his attorney, that such deposition will not be taken."

The present action is founded upon that statute. The plaintiff was plaintiff in an action formerly brought by himself against Catharine Gould, and the defendant is one who assumed the defence in that case, for the purpose of defeating an attachment which had been made upon some land claimed by himself. The question first presented is, whether the action may be maintained against one who was not party to the record in the action in which the depositions were notified.

We think that the meaning of the statute is sufficiently clear to preclude reasonable doubt. In its terms it renders the party liable to an action, who proposing to take the depositions shall neglect or refuse to take the same after due notice, &c. The statute prescribes the notice to be given to the adverse party by the party proposing to take the depositions, section 2, who, for any thing which the act contains, may be any person who either prosecutes or defends the action, whether in his own name or in the name of another. The case finds that the defendant here assumed the defence of the action of *Gould* v. *Gould*, employed counsel, and paid them as well as the witnesses. That he caused the notices to be given, that he proposed to take the depositions, and was the only party to whom could be imputed any neglect or refusal to take the depositions, seem all to be facts directly and clearly to be inferred from his relations to the cause and to the parties. We can entertain no doubt that the defendant in this suit, the efficient party in defending the other, and not the nominal defendant who took no part whatever in conducting the defence, is the one indicated by the terms as well as the reason of the statute, to answer for a default, like the one which is thus pointed out.

2. Another exception was taken to the ruling of the court excluding evidence other than that of the subscribing witness to prove the signature of Catharine Gould to a power-of-attorney, the proof of which became material. The rule of law on this subject was decided in the case of *Farnsworth* v. *Briggs*, 6 N. H. 561. When the attesting witness to an instrument can not be produced, witnesses must be called to prove his hand-writing, and it is not sufficient without such proof to prove the hand-writing of the party to the instrument. Upon this point also the ruling of the court of common pleas was correct. The hand-writing of the witness should have been proved.

3. The defendant offered to exhibit in evidence a set-off against the claim set up by the plaintiff in this action. The statute authorizes the set-off of mutual debts or demands between the plaintiff and defendant existing at the time of the commencement of the acton. Rev. Statutes, chap. 187, sec. 4.

These debts or demands have always been considered to be liquidated demands, and not claims for damages of uncertain amount. In *Howlet* v. *Strickland*, Cowp. 56, it was held, that liquidated damages for the breach of covenants could not be set-off. Lord *Mansfield* said, "The act of parliament and the reason of the thing relate to mutual debts only. These damages are no debts."

In *Gordon* v. *Brown*, 2 Johns. 150, it was decided, that in an action upon an open policy a set-off was inadmissible. *Kent*, C. J. says, that "the demand of the plaintiff as well as that of the defendant must be specific and certain. There must be mutually, or on each side, a debt, to authorize a set-off. A promissory note on the part of the defendant can not be set off against a demand of the plaintiff, unless that demand be of such a nature that it could be set off by a defendant if it should exist in him."

To the same effect is 1 Chitty on Plead. 572. That author also says, "With respect to the nature of the demands to be set off against another, the statute speaks only of mutual debts; consequently the demand of each party must be in the nature of a debt; so that a set-off is excluded in all actions *ex delicto*, and even in actions *ex contractu*, if the claim of either party be for uncertain or unliquidated damages." 1 Chit. Pl. 572. This reasoning proceeds perhaps upon the phraseology of a statute differing in a small particular from our own. But the reason is the same in both cases. Our statute speaks of demands as well as debts; but we can not infer that its object has been to enlarge the operation of the laws of set-off. Where there are mutual debts, it is fit that neither party should

Gould *v.* Kelley.

recover more than the excess; for such is really all that is due. But an action whose object is to adjust an unliquidated claim for indemnity, or an action for a personal wrong, or for a trespass in which the rights of property may form the principal matter in controversy, ought not to be defeated by the existence of a claim from the opposite side. It is sufficient that when such claims have passed into judgment and have so been made to assume the form of debts, they may become the subject of a set-off. The present action is in form *ex delicto.* It is for a tort, and does not differ from other actions on the case, except that the statute furnishes a rule for ascertaining damages.

4. As to the damages. When the act of December 1828 was passed, entitling a plaintiff prevailing in an action like the present to double the amount of witnesses fees, the law which regulated these was different from what it afterward became, and the question is, whether the fees then allowed by law, or the fees which were allowed when the cause of action accrued, should furnish the measure of damages to be recovered in the action.

The statute of 1828 in settling the damages to be recovered in the action which it furnishes, referred to the fees allowed to witnesses by the statute of 1820 then in force. N. H. Laws 315. It adopted this statute, which *pro hac vice* became a part of the act of 1828, and a necessary compliment of it; for without the act of 1820 that of 1828 would have no significance, and would be incomplete. But by a subsequent law the statute of 1820 was altered. This alteration having been made without any qualification, embraces all the purposes for which the act has any operation, and all the subjects to which it extends. It changed the effect of the statute, not only as prescribing the fees of witnesses, but as affording a scale of damages allowed and established by the statute of 1828. In short the statute of 1820 was made a part of the act of 1828 by its terms. This part of the act of 1828 was after-

ward changed; cases arising after the change must of course follow the rule furnished at the time.

The fees of witnesses are changed from time to time. The legislature therefore must in adopting such a rule of damages, have intended a shifting rule; otherwise a fixed and determinate one would have been adopted.

But the motion in arrest of judgment must prevail upon the third ground relied upon by the defendant. The declaration does not allege that the defendant did not give seasonable notice to the plaintiff that the depositions notified would not be taken.

The rule on this subject seems to be correctly laid down by Mr. Chitty (Pleading 222). It is there said, "In pleading upon statutes, where there is an exception in the enacting clause, the plaintiff must show that the defendant is not within the exception; but if there be an exception in a subsequent clause, that is matter of defence, and the other party must show it to exempt himself from the penalty."

This doctrine is fully sustained by the opinion delivered by Lord Mansfield in Spiers v. Parker, 1 T. R. 141, who says, "It is a settled distinction between a proviso in the description of an offence, and a subsequent exemption from the penalty, under certain circumstances. If the former, the plaintiff must as in actions upon the game laws, aver a case which brings the defendant within the act; therefore he must negative the exceptions in the enacting clause, though he throw the burden of proof upon the other side." To the same point are The King v. Pratten, 6 T. R. 559; Bennett v. Hurd, 3 Johns. 438.

The law is more fully discussed in Teel v. Fonda, 4 Johns. 306, in which it is said by Mr. Justice Van Ness, that "If the proviso furnishes matter of excuse for the defendant, it need not be negatived in the declaration, but he must plead it. Such is the proviso in the present case. It forms no part of the plaintiff's title." He cites

Gould *v.* Kelley.

various cases in which the doctrine has prevailed, and adopts the statement of it contained in *Jones* v. *Axen*, 1 Ld. *Raymond*, 119. "Where an exception is incorporated in the body of a clause, he who pleads the clause ought also to plead the exception ; but where there is a clause for the benefit of the pleader, and afterward follows a ' proviso which is against him, he shall plead the clause and leave it to the adversary to show the proviso."

The same point arose in *Hart* v. *Cleiss*, 8 Johns. 41, in which the exception was taken that the exceptions contained in the proviso of the act were not negatived by the declaration. But the court sustained the declaration upon the ground that the plaintiff's case did not require so much, but that the defendant might protect himself by his plea showing himself to be within the exceptions. *Smith* v. *United States*, 1 Gal. 261 is to the same point. Mr. Justice *Story* says, "In general it is sufficient to maintain a suit upon a statute, that the case is brought within the terms of it."

To apply the doctrine of these cases to the one under consideration, the plaintiff's title to recover depends upon proving certain acts and omissions of the defendant. It is not sufficient that the defendant gave notice to take the depositions, and that he omitted upon such notice to take them. He must have been guilty of the further omission described in the statute ; the omission to give timely notice that the depositions would not be taken. These three things must concur in order to constitute the offence. They are all comprehended in the enacting clause, and no offence is stated if either one of them is omitted. The defendant notified the taking of the depositions ; he did not take them and he did not seasonably notify in writing that they would not be taken. Both these negatives are as essential to the offence as one of them is ; and the offence would fail to be described by the omission of one, as certainly as by the omission of both.

The plaintiff has failed, therefore, to state a title to recover. All that he has stated might have been true as the jury have found it to have been, and yet no right to recover in this action exists. This is a clear case for arresting the judgment. It is not a case of a title defectively stated, which is cured by verdict. It is a case in which no title is stated upon the record, and therefore none can be presumed to have been proved at the trial. The cases of *Bartlett* v. *Crozier*, 17 Johns. 439, and of *Williams* v. *Hingham Turnpike*, 4 Pick. 341, are apposite illustrations of the distinction. The former was a case against an overseer of highways for neglecting his duty. The declaration stated, that the defendant neglected the duties of his office, whereby the damage resulted to the plaintiff. But his duty to repair the highway depended on his being provided with the means; and the declaration omitted to state that he was so provided; and the omission was held to be fatal. It was nothing to the purpose that this was a negative averment, and might have been set up in defence. The case did not exist against the defendant without this negative. Nor was it a case in which it could be presumed, that all had been proved at the trial that was necessary to charge the defendant. For nothing that is not substantially stated upon the record, will be presumed after verdict to have been proved.

The result therefore is that judgment must be corrected, unless the defect be cured by an amendment.

*Judgment arrested.*