RUDOLPH BRAND AND GUIDO MARX *v.* JACOB STECKERT.

## RUDOLPH BRAND AND GUIDO MARX VS. JACOB STECKERT.

WHETHER, to establish the illegality of a sale of spirituous or intoxicating liquors, it is necessary to show it is not within the exceptions of the statute, *quere.*

The question of the validity of a contract is to be tested by the laws of the place where it is made, unless it is to be performed at another, in which case it is governed by the law of the latter place.

*Circuit Court, Saginaw County, August 2,* 1869.

The plaintiffs bring this action to recover $300, the balance February 10, 1869, of account for vinegar and intoxicating liquors, and for the barrels and kegs containing them.

An agent of the plaintiffs called on the defendant at his place of residence in East Saginaw, in this State, and solicited an order on the plaintiffs for articles of these descriptions, and the defendant ordered the goods in this account, at certain prices then agreed on, the goods to be shipped by the plaintiffs from their place of business in Toledo, Ohio, to the defendant at his expense. He paid the freight on receiving them.

There is no evidence relative to the business of either party except as indicated by this transaction, nor the purpose or use for which the liquors in question were bought.

*Webber & Smith* for Plaintiffs.

*Peck & Clark* for Defendant.

SUTHERLAND, J.—If all sales of intoxicating liquors are *prima facie* in violation of the statutes on that subject, and the sale to the defendant is governed by the laws of this State, the plaintiff cannot recover. Otherwise his right is clear.

The provision of the statute prohibiting sales of such articles is, "that no person shall be allowed to manufacture or sell, at any time, by himself, his clerk, servant, or agent, directly or indirectly, any spirituous or intoxicating liquors, or any mixed liquors a part of which is spirituous or intoxicating, except as hereinafter specified." § 1661 *C. L.* (L. 1861, p. 472).

§ 1672, *C. L.*, provides a manner in which persons of a certain class may acquire an immunity to sell for medicine, as a chemical agent in scientific, mechanical, or manufacturing purposes, and wine for sacramental purposes.

If the plaintiffs were entitled to this immunity, and this sale was covered by it, or if the defendant was entitled to it and made this purchase with no other view but lawfully to enjoy it, in neither case would the sale be in violation of law. The former would be within the letter of the statute granting exemption from the penalty, and the latter is equally within its purpose and protection. *Jackson vs. Collins*, 3 *Cow.*, 89; *Edwards vs. Dick*, 4 *Barn. and Ald.*, 212.

In *Myres vs. Carr*, 12 *Mich.*, 63, the rule is recognized that in declaring on a statute, where there is an exception in the enacting clause, the pleader must negative the exception; but the Court was divided on the question whether the burden of proof is, in general, on the seller of spirituous or intoxicating liquors, to make his sale out to have been legal. The reasoning on which two Judges held the burden to be on the seller is that the rule requiring an exception in the enacting clause to be negatived by the party that relies on the statute does not apply to an exemption in a proviso to the enacting clause. *Attorney General vs. Oakland County Bank*, *Walk. Ch.*, 90; *Teel vs. Fonda*, 4 *John*, 304; 8 *John.*, 41; 3 *John.*, 438; 1 *John.*, 513. The difference is very clearly stated: "An exception excludes in express terms the thing excepted from the statute, leaving it as before the statute. A proviso only exempts a thing within the statute from its operation in certain circumstances, or on certain conditions." It seems immaterial whether the exception be in the same section, or in a preceding section, or a preceding act, if referred to in the enacting clause. 1 *Saund.*, 262—note "*a.*" I have found no other cases than those cited making any distinction between an exception and an exemption in a proviso, contained or referred to in the enacting clause. It is stated in the note referred to: "It seems clear that whenever a statute inflicts a penalty for an offense created by it, upon conviction before one or more Justices of the Peace, but there is an exception in the enacting clause, of persons, *under particular circumstances*, it is necessary to state that the defendant is not within any of the exceptions." See *Rex vs. Jarvis*, 1 *Barr*, 148. Many instances are given, which are principally cases of exemption by proviso according to the definition of Judge Manning. The question is

one of some difficulty, and I shall express no opinion upon it.

But allowing that the sale, if governed by the statutes of this State, is *prima facie* illegal, it remains to be seen whether this transaction is governed by those statutes.

The rule is that the law of the place where the contract is made is to control it, unless it appears that it was made to be performed at some other place; then the laws of the latter place govern. 1 *Cow.*, 103; 6 *Hill*, 526. See *Greenwood vs. Curtis*, 6 *Mass.*, 358.

The contract, according to these principles, is governed by the laws of Ohio. In contemplation of law it was to be performed there. The property was to be there delivered to a carrier for the defendant. A delivery to the carrier was a delivery to the defendant. 38 *Me.*, 553. See 3 *R. I.*, 175.

This construction of the contract is supported by *Myres vs. Carr*, 12 *Mich.*, 63. In that case the agreement to purchase was made in New York, consummated by a delivery in this State. It was held, unanimously, to be governed by the laws of this State.

The transaction between these parties, for the same reason, is governed by the laws of Ohio. Such a sale must be deemed lawful there in the absence of proof to the contrary.

Judgment for plaintiff, principal and interest, $310.