## DETERMINED IN THE

# FIFTH DEPARTMENT,

### AT

# GENERAL TERM,

### October, 1884.*

---

KARL NAGEL, Appellant, v. THE CITY OF BUFFALO, Respondent.

34h   1
48ad  9
34h   1
f 64ad277

*City of Buffalo — claims for injuries sustained by reason of defects in its streets, must be presented for audit before an action can be brought thereon —* 1870, *chap.* 519, *tit.* 3, *sec.* 7 — *a demurrer will not lie because of the failure to allege such presentation in the complaint.*

Section 7 of title 3 of the charter of the city of Buffalo (chap. 519 of 1870) provides that the common council shall audit "all claims against the city," but no unliquidated claim shall be received for audit unless made out in detail, specifying, if for labor or services, the time when, the place where, by whom and under whose direction and by what authority performed; if for merchandise, materials or other articles furnished, the items thereof, by whom ordered, and when and to whom delivered, *and if for damages for wrong or injury, when, where and how occasioned;* nor unless accompanied by an affidavit that the claim and the items, and specifications thereof, are in all respects just and correct, and that no payments have been made and that no set-off exists except those stated. No action or proceeding to recover or enforce any such claim against the city shall be brought until the expiration of forty days after the claim shall have been presented to the common council in the manner and form aforesaid."

*Held,* that the statute included claims against the city for injuries sustained by reason of its neglect to keep the streets and sidewalks in proper repair, and that an action to recover damages for such an injury could not be brought until a claim therefor, verified as required by the act, had been made out and presented for audit.

---

* Other reported cases decided at this term of the court will be found in (33 Hun) the previous volume.

That the failure of the plaintiff to allege in his complaint that he had so presented his claim for audit did not furnish a ground of demurrer to the defendant, but that the failure to present the claim should be set up as a matter of defense in the answer.

APPEAL from a judgment of the Erie County Special Term sustaining the defendant's demurrer to the plaintiff's complaint, upon the ground that the same did not state facts sufficient to constitute a cause of action.

*Daniel W. Allen,* for the appellant.

*Edward C. Hawks,* for the respondent.

BARKER, J. :

By the terms of its charter the city of Buffalo is required to keep the streets and sidewalks within the corporate limits in a safe and secure condition. The complaint alleges that one of the streets and sidewalk was out of repair and in an unsafe and dangerous condition, to the knowledge of the defendant's officers and agents having the same in charge ; that the plaintiff, while walking along and upon such sidewalk, without any fault or carelessness on his part, ˉfell and broke one of his legs, and that such fall and injury was in consequence of such street and sidewalk being out of repair and in an unsafe condition, and from no other cause whatever, and that by reason of such injuries he has suffered damages in the sum of $2,000.

In support of the demurrer it is argued that the action was prematurely brought, as the plaintiff's right of action was not complete, for the reason that it does not appear from any of the averments in the complaint that the plaintiff's claim for damages arising out of the injuries which he has received was, before the commencement of this action, presented to the common council of the city of Buffalo for its audit, as required by its charter. This is the only objection to the sufficiency of the complaint.

The provision of the charter bearing on this question is embraced in section 7, title 3, the text of which is as follows: "It (the common council) shall audit all claims against the city, but no unliquidated claims shall be received for audit unless made out in detail, specifying, if for labor or services, the time when, the place where, by whom, and under whose direction and by what

authority performed; if for merchandise, materials or other articles furnished, the items thereof, by whom ordered, and when and to whom delivered; and if for damages for wrong or injury, when, where and how occasioned; nor unless accompanied by an affidavit that the claim and the items and specifications thereof are in all respects just and correct, and that no payments have been made, and that no set-off exists except those stated. No action or proceeding to recover or enforce any such claim against the city shall be brought until the expiration of forty days after the claim shall have been presented to the common council for audit, in the manner and form aforesaid."

The requirement that a claim for damages for wrong or injury shall be presented for audit, duly verified, is broad enough to bring within its terms a claim of the nature and character set forth in the complaint. The plaintiff seeks to give the statute a construction which excludes causes of action *ex delicto,* and limiting it to claims arising out of the lawful action of the city, and not out of its neglect. But as the claims which must be verified, as required by the statute, are classified, and those for damages arising from wrong and injury are separate and distinct from those for work and labor or materials furnished, I have arrived at the conclusion that the position of the defendant as to the meaning of the statute is correct, and concur in the opinion of the Special Term on this point.

The literal meaning of the words used includes wrongs and torts resulting in injury to persons or property. The form of verification prescribed does indicate, as argued by the plaintiff, that it was the intention of the legislature to limit the provision to claims arising out of the ordinary and authorized acts of the officers and agents of the city, but a claimant having a just demand for damages, arising out of neglect of duty on the part of officers and agents of the city, could make a verification, in the form required, without hesitation or embarrassment. The effect of such a verification, in a case of this character, would be to state that the time and place and circumstances under which the injury happened are correctly set forth in the statement made, and that he has received no payment thereon, except those which are mentioned therein. There is convenience in having uniformity in the form of verification attached

to accounts and claims presented to a board of audit when the same can be truthfully made, to every class of claims which the law requires to be presented for allowance. The object of the statute is to have all the acts and circumstances connected with every claim for damages arising out of injury to person or property submitted to the consideration of the common council, that it may have an opportunity to investigate the merits of the same, and, if found to be just, to pay the same, without the cost of a law suit. The common council are vested with the power, acting in conformity with the provisions of the charter, to allow and settle claims of this character, and direct their payment, which distinguishes this from many of the cases cited by the defendant in support of its position.

The following cases, found in the defendant's brief, are based upon other statutes, the provisions of which are so different from those found in the defendant's charter, that they are not controlling as authority, and were determined by the force of the language used in each particular statute. (*McGuffin* v. *The City of Cohoes*, 11 Hun, 531; S. C., 74 N. Y., 387; *Quinlan* v. *The City of Utica*, 11 Hun, 217; *Childs* v. *The Village of West Troy*, 23 id., 68.)

The case before us is more like the case of *Minick* v. *The City of Troy* (19 Hun, 253; S. C., 83 N. Y., 514), where it was held that no action for damages for injuries to person or property could be maintained unless the claim had been previously presented to the city authorities for audit, in the manner provided by the defendant's charter.

But I am of the opinion that the question cannot be properly raised by demurrer as it was unnecessary to aver in the complaint the presentation of the claim to the common council. The plaintiff's cause of action was complete without presenting his claim for damages to the common council. His cause of action is not given by any statute but is founded on the principles of the common law. The requirement that the claim shall be presented for audit relates to the remedies to which the plaintiff must resort in order to secure an adjudication and payment of his demand. The provision of the statute is in the nature of a condition subsequent. A neglect to comply with it would operate to defeat a recovery, but its observance does not constitute any part of his cause of action. (*Taylor* v. *The Mayor of the City of New York*, 82

N. Y., 10; *Cowden* v. *Pease*, 10 Wend., 334; *Cowdin* v. *Stanton*, 12 id., 120.)

It is also in the nature of a proviso attached to the cause of action. When an exception or proviso is found in a subsequent clause of a contract distinct and separate from the general clause which gives the right of action by its terms, the declaration is good if it states a cause of action within the general clause of the contract without negativing the subsequent exception or proviso. It is an elementary principle of pleading that it is not necessary to allege matter which would come more properly from the other side; that is, it is not necessary to anticipate the adverse party's answer and forestall his defense and reply. It is only when the matter is such that the affirmation or denial of it is essential to the apparent or *prima facie* right of the party pleading that it must be affirmed or denied by him in the first instance. (*Commonwealth* v. *Hart,* 11 Cush., 130; *Commonwealth* v. *Jennings*, 121 Mass., 47; *Hart* v. *Cleis*, 8 Johns., 41; *Teel* v. *Fonda*, 4 id., 304; *Bennet* v. *Hurd*, 3 id., 438.)

These authorities hold that the matter omitted is not connected with the cause of action, and is more properly a part of the defense. The rule of pleading established by the Code only requires a plain and a concise statement of the facts constituting the cause of action.

The provision of the charter requiring a verified statement of the claim to be presented contemplates that it is due and payable, and that the plaintiff's cause of action is complete. The rule of pleading that every fact which it is necessary to prove to entitle the plaintiff to recover must be averred in the complaint, is subject to the qualifications and limitations stated.

The only authority which we are able to find in support of the demurrer is *Miller* v. *The City of Buffalo* (1 Sheld., 490). That was an action on an alleged contract with the city for work and labor done, and that learned court held that it was in the nature of a condition precedent to a right of action that the claim should be presented for audit, and the question could be raised by demurrer, if the complaint omitted to aver a presentation, as required by the charter. In support of its position the court cited cases arising on contract where, by the terms of the agreement upon which the actions were based, the act omitted to be averred was made a condi-

tion precedent by the terms of the contract, to be performed by the plaintiff.

We have carefully examined all of these cases and fail to discover in any of them a rule of pleading laid down at variance with the conclusions we have reached. In a contract with the city, either express or implied, it may be said, with some reason, and, perhaps, with entire accuracy, that the provisions of the city charter on the subject of audit and payment of claims against the city enter in and form a part of the agreement, the same as if they were in terms incorporated therein. But that rule cannot be applied to actions *ex delicto*, if it may be rightfully in actions on contracts.

The judgment sustaining the demurrer reversed, with costs, and the defendant allowed to answer on payment of the costs of this appeal and the Special Term.

BRADLEY, J., concurred; SMITH, P. J., concurred in the result; HAIGHT, J., not sitting.

Judgment sustaining demurrer reversed, with leave to answer over on payment of costs of this appeal and of the demurrer.