Lomax, J.
delivered the opinion of the Court.
Hill was indicted at October term 1846, in Henry Circuit Court, for that “ without having a license therefor, according to law, he did, on the 20th day of August in the year 1846, at his own house, in said county, sell by retail, wine, rum, brandy, and mixtures thereof, not to be drank where sold, against the statute,” &c. &c. To this indictment the accused demurred; the Corn *688 monwealth’s attorney joining in the demurrer. The ^ourt gave judgment sustaining the demurrer, and decided that the matters in the indictment, as the same were therein set forth, were not sufficient. To this judgment a writ of error was awarded at the last term of this Court, at the instance of the attorney general, returnable to the present term; and the case now comes on for judgment upon the matters of error.
The insufficiency of the indictment is suggested to consist in this, that there is no averment in it, negativing that the liquors charged to have been retailed without license, had been actually made from the produce of the defendant’s own estate, or distilled by him or those in his employ. And this Court is of opinion that such averment of negation was not necessary to the sufficiency of the indictment.
This prosecution is under the statute c. 2, acts of 1839-40.
The first section of that act prohibits any person from selling, without license, “ goods, wares, merchandize or other articles of foreign or domestic growth, production or manufacture,” &c. and inflicts a penalty of double the amount of the tax to be paid for the license to sell. In this section, there are no exemptions or exceptions of any articles whatsoever coming within the broad description of what shall not be sold. There is in that clause no exemption or exception of liquors actually made from the produce of his own estate, or distilled by him, &c. That exemption or exception is to be found in a subsequent proviso and enactments in the same law. The doctrine of Lord Mansfield is not questioned by the counsel for the defendant in error ; that “ what comes by way of proviso in a statute must be insisted on for the purpose of defence by the party accused. But where exceptions are in the euacting part of a law, it must be charged that the defendant is not in any of them.” And the counsel contends that this *689 case is to be regarded as coming within the influence of the rule, thus laid down, as that rule applies to exceptions in the enacting part of the law. And he seems moreover to concede that if the Commonwealth had chosen to indict the defendant for selling goods, wares aud merchandize, viz. rum, brandy, whiskey, &c. without having paid the tax required by law, and obtained a license, that in that case the defendant should rely on the liquors having been made from the produce of his own estate, or been distilled by him, &c. as his defence. That case seems very properly to be admitted to be a case falling within the influence of the first part of the rule above laid down, because in reference to that first clause of the statute declaring a general prohibition, and inflicting the penalty of double the tax payable for the license, all the exceptions are found'1 in the subsequent provisos or sections of the law distinct from that 1st section. We have not, in our consideration of this cause, paused to determine whether this indictment may or may not be regarded as an indictment founded on the general provision of the 1st section of the statute, which would bring along with it the conceded- consequence, that no averment of negation of any exception would be required in the iudictment, and that the exception contained in the subsequent proviso or clause of the act would be matter of defence, to be shewn on the part of the accused.
The defendant contends, however, that this prosecution, as this indictment is framed, is to be maintained, not upon the 1st section of the statute, but upon a distinct enactment of the offence in question, which is to be found in the 3d section.
The frame of the statute, in those parts which can be supposed to have any bearing'upon the sale without license* of liquors not- to be drank where sold, is this:
*690 1. The 1st section enacts, as before stated, a prohibition, generally, without license, of the sale of goods, &c., or other articles of foreign or domestic growth, by wholesale or retail.
2. Provided that no person, shall be construed tobe prevented from disposing of any goods, &c., or other articles of his own manufacture, within this Commonwealth.
3. Nothing in that proviso contained, shall be construed to authorize any person to sell by retail any wine, rum or brandy, or other ardent spirits, not to be drank in or at the place where it shall be sold, or in any booth, &c. “ And any person other than such as are hereinafter excepted, who shall, otherwise than is hereinafter expressly provided, sell by retail any of such liquors as aforesaid, not to be drank in or at the place where it shall be sold, or in any booth, &c., shall, for every such offence, be subject to a like penalty as is imposed by law for failing to obtain a retail merchant’s license, [the license required by the 1st section,] to be recovered in all respects in the same manner.”
4. Provided that nothing in the act shall be construed to prohibit any person from retailing such liquors as shall have actually been made front the produce of his own estate, or distilled by him or those in his employ, so as such liquors be not drank in or at the store within an incorporated town, nor in or at the house or plantation, as the case may be, where the same shall have been sold, &c.
Conceding, then, that it is by virtue of the enactment expressed in the 3d section, that this prosecution is to be maintained upon this indictment, without any reference to the 1st section, the Court thinks still that the objection made to the indictment cannot be maintained. The offence is enacted by this 3d section; and any person, other than such as are thereinafter excepted, who shall, otherwise than is thereinafter expressly *691 provided, sell, &c., is subjected to the penalty. What these exceptions and provisions are, will be found in the 4th section ; and among them, is that of a person selling liquors actually made from the produce of his own estate, &c. It cannot, consistently with any authority which we have met with, be contended that the terms of such enactment as the above, have so incorporated the exceptions with the enactments, as to require the negation of the exception as an essential element in the indictment, and not to make the matter of the exception a part of the defence. The rule of law seems directly opposed to any such pretension. It is laid down, in regard to this doctrine, in 1 Chitt. Cr. Law 283, that when a statute contains provisos and exceptions in distinct clauses, it is not necessary to state in the indictment that the defendant does not come within the exceptions, or to negative the provisos it contains. 1 Sid. 303; 2 Hale 171; 1 Lev. 26; Poph. 93, 4; 1 Burr. R. 148; 2 Burr. R. 1037; and numerous other authorities. Nor is it even necessary to allege that he is not within the benefit of the provisos, though the purview should expressly notice them; as by saying that none shall do the act prohibited, except in cases thereinafter excepted. Poph. 93-6; Hawk. b. 2, ch. 25, § 113. For all these are matters of defence, which the prosecutor need not anticipate, but which are more properly to come from the prisoner.
Upon these considerations, this Court doth reverse the judgment of the Circuit Court of Henry.
Demurrer overruled, and the case sent back for further proceedings in the Court below.