Allen, J.
A preliminary objection not made in the court below or appearing on the face of the record, has been raised in argument here. It is contended that the Circuit court of Henrico held in the city of Richmond, was held at a place where the constitution did not authorize it to be held; and therefore the judgment was a nullity. The objection rests upon the provisions contained in the 7th article of the constitution, and the act concerning the terms of the Circuit courts, passed March 22d, 1852. Sess. Acts, ch. 66, p. 58. The 23d section of this act directs that the Circuit court of the city of Richmond and the Circuit court for the county of Henrico shall each sit in the city of Richmond at the state court-house. .
The 1st section of article 6th of the constitution directs that there shall be a Supreme court of appeals, District courts and Circuit courts; and that the juris *752 diction of these tribunals and of the judges thereof, except so far as the same is conferred by the constitu- • tion, shall be regulated by law.
By the 2d section the state is divided into twenty-one judicial circuits; and the county of Henrico constitutes a part of the sixth circuit; and the city of Bichmond forms the seventh circuit. The 6th section directs that for each circuit a judge shall be elected by the voters thereof, who, during his continuance in office, shall reside in the circuit of which he is judge; and the 7th section provides that a Circuit court shall be held at least twice a year by the j udge of each circuit, in every county and corporation thereof, wherein a Circuit court is now, or may hereafter be established. The constitution being silent as to the times and places of holding the courts thereby established, legislation was necessary to carry its provisions on this subject into effect. The general law, Code, ch. 162, § 7, p. 625, directs that the Circuit court for any county or corporation shall be held at the courthouse of such county or corporation, except where some other place is prescribed by law or lawfully appointed. This court is bound to take notice of the law fixing the time and place of holding the Circuit courts. The act of May 22d, 1852, is the only law prescribing the place where the Circuit court of Henrico shall sit. This court, therefore, judicially knows that the judgment in this case was pronounced by that court sitting in the place prescribed by law, because the court could not legally sit in any other place. If the law directing the court to be held in that place is in violation of the constitution and therefore void, the court sitting at that place had no jurisdiction to pronounce judgment; and the question having been raised must be decided.
The city of Bichmond is within the territorial limits of the county of Henrico. It is not necessary by the *753 common law that a city be a county of itself. Not being counties necessarily of themselves, they are part of the counties where they be. Coke. Lit. 109 b.
In England there are certain cities and towns to which, out of special grace and favor, the kings have granted the privilege to be counties of themselves, and not to be comprised in any other county. These are called counties corporate. Ibid, note H. It is not pretended that any such grant has ever been made to the city of Richmond, constituting it a county of itself, so as no longer to be comprised within the county of Henrico. It therefore continues to be geographically a part of the county, and judicially and politically a part of the county, except so far as it has been withdrawn by the provisions of the constitution or by law from the jurisdiction of the county. The constitution constitutes the city a distinct circuit, for which a judge is to be elected by the voters thereof, who is to reside in it during his continuance in office; and a Circuit court is to be held at least twice a year by the judge of the circuit in the city. To this extent the city is withdrawn from the jurisdiction of the county in reference to judicial matters. But the constitution, in providing for a Circuit court for the city, is silent as to the jurisdiction: That is to be regulated by law. Constituting the city into a separate circuit, with a court to exercise such jurisdiction as the law might confer on it, does not erect the city into a separate county. If these provisions stood alone, the city might, for all other purposes political and judicial, remain a part of the county. We are therefore of opinion that the city still remains within the territorial limits of the county, is comprised in it; and the law prescribing the state court-house in the city of Richmond as the place where the Circuit court for the county of Henrico should sit, is not in violation of the 7th section .of the 6th article of the constitution, di *754 recting that a Circuit court shall be held at least twice a year by the judge of each circuit,'in every county or corporation thereof wherein a Circuit court is now or may hereafter be established.
It is objected that this is not a case in which a writ of error lies from the judgment of an inferior court for the commonwealth. The Code, ch. 209, § 3, p. 779, provides that if the case be for a violation of a law relating to the revenue, a writ of error shall lie for the commonwealth. The offence charged is the selling ardent spirits by retail to be drunk at the place where sold, without having first obtained a license to keep an ordinary. The act of selling by retail, &c. of itself constitutes no offence, for that is made lawful under certain circumstances. The offence consists in the act of selling, &c. without having obtained the license, which is granted upon paying the tax imposed by law. The provision in the Code is taken from the act of February 29th, 1828, Sup. Rev. Code 332, entitled “ An act to amend the several acts and parts of acts concerning the taxes on licenses to merchants and others.” This act applies to ordinary keepers, &c.: and the provision giving the right of appeal to the commonwealth, (and by the act of the next session entitled “ An act to amend the revenue laws,” Sup. Rev. Code, p. 333, the right to obtain a writ of error,) has ever since been held to apply to prosecutions for the offence charged in this presentment. Jurisdiction was exeroised in such a case in Teft's Case, 8 Leigh 721: And though the question does not from the report seem to have been raised in the argument or alluded to in the decision, yet as it was the exercise of jurisdiction not before conferred, it could not have passed without consideration. Accordingly, in Coe's Case, 9 Leigh 620, a prosecution for a similar offence, it is said by the same court, that according to Teft's Case, a writ of error may be awarded to- the common *755 wealth in such a case. And these cases have been followed in Hampton’s Case, 3 Gratt. 590; Hill’s Case, 5 Gratt. 682; and Hatcher's Case, 6 Gratt. 667.
The provision, after having received such judicial construction, was incorporated into the act of March 3d, 1840, Sess. Acts, p. 5, reducing into one the several acts concerning taxes on licenses to keepers of ordinaries, &c.; the 17th section of which imposes a penalty for this offence: And subsequently, the provision has been incorporated into the Code. After such a series of decisions and legislation, the question of jurisdiction should he considered as at rest. As to the 29th section of the act in the Code, p. 752, subjecting a party convicted of a second violation of the law to six months’ imprisonment in jail at the discretion of the court, it cannot change the character of the offence; though the punishment is increased, it is still punishment for a violation of the revenue laws: And besides it introduces no new law. By the Code of 1819, 2 Rev. Code, ch. 240, § 10, upon a second conviction for such an offence the party was to be imprisoned six months; so that a similar law was in force when the decisions referred to were made and the subsequent legislation took place.
I think there was no error in the judgment of the County court as disclosed by the first bill of exceptions.
The plea which the party asked leave to file came too late; and if for no other reason, might have been rejected for that cause. But the matter itself which he asked leave to plead would not have abated the presentment. The Code, p. 784, § 1, provides that in a criminal case against an Indian or person of Indian descent, (other than a negro,) the proceedings shall be as against a white person. In a prosecution for the offence charged in this presentment a white person, *756 Indian or free negro, is tried and punished in the same manner as in this proceeding: And therefore, if the defendant had been an Indian, it could not have produced any change in the manner of proceeding or mode of punishment, or given the commonwealth a better writ in another proceeding. As to any testimony which might have been offered, its competency would have to be decided upon when it was offered, having regard to the relative conditions of the accused and the witness at the time. The description of the defendant as a free negro does not enter into the nature of the offence or vary the mode of punishment. It was, therefore, wholly immaterial, and no proof was necessary to sustain it. Being such an immaterial averment, requiring no proof, it would be no evidence of the fact in any other proceeding; and the defendant could sustain no prejudice from it. The description being immaterial and mere surplusage, requiring no proof, the County court properly overruled the motion to set aside the verdict, because there was no proof offered that the defendant was a free negro. Nor was there any error in refusing to set aside the verdict because it was contrary to evidence. The facts certified proved the commission of the offence by the defendant as charged in the presentment.
The correctness of the decision of the court, as set forth in the second bill of exceptions, has not been controverted. The defendant was prosecuted under the second clause of the 18th section of the Code, p. 209, for selling ardent spirits by retail to be drunk at the place of sale, without a license to keep an ordinary at such place. The certificate which he offered to give in evidence was not a license to keep such an ordinary, and furnished no defence against the charge alleged in the presentment, and was properly excluded from the jury.
*757 It seems to me there was no error in the judgment of the County court; and the Circuit court, instead of reversing, should have affirmed the same.
The other judges concurred in the opinion of «dZZe?¿, J.
Judgment of the Circuit court reversed with costs, and judgment of the County court affirmed.