# THE STATE *vs.* JOHN MILLER.

In an information for a violation of the statute entitled "an act for the suppression of intemperance," (Rev. Stat. tit. 54, ch. 2, p. 817) which alleges the sale of "spirituous and intoxicating liquors," no other description of the kind or quantity of liquor, alleged to have been sold, is necessary.

In an information for a statutory offence, an exception, in a proviso following words of general prohibition, need not be negatived.

And it is immaterial whether such exception is embraced in the enacting, or in a subsequent, clause of the statute.

Where the clause of a statute, which describes and prohibits an offence, contains no words of general prohibition, such circumstances as are necessary to show that the prohibited offence has been committed, must be alleged in the information.

Duplicity in an information is cured, by a verdict of guilty on one of the offences charged, and not guilty on the other.

Where an information, on the statute aforesaid, alleged that the defendant sold spirituous and intoxicating liquors to a particular person, at a specified time and place, and proceeded to allege a sale to the same person, at the same place, on a different, and subsequent day, without inserting the word " other," or "further," before the description of the second offence, and the prosecutor having introduced evidence to prove a sale of intoxicating liquor, by the defendant, on a particular day, offered evidence of another and dif-

ferent sale on a subsequent day, to which the defendant objected, on the ground that the information contained but a single count, and charged but one offence, it was held that such evidence was admissible.

THIS was a complaint, preferred by a grand juror of the town of Enfield, to a justice of the peace, for a violation of the statute, entitled an "act for the suppression of intemperance." The complaint was as follows:

"On the 26th day of October, A. D., 1855, at said Enfield, John Miller, now of said Enfield, with force and arms, did sell spirituous and intoxicating liquors to Chauncey Baker of said Enfield, against the peace, and contrary to the statute in such case made and provided.

"And said grand juror, on oath, further complains and informs that, at said Enfield, said John Miller now of said Enfield, on the twenty-seventh day of October, A. D., 1855, with force and arms, did sell spirituous and intoxicating liquors to Chauncey Baker of said Enfield, against the peace, and contrary to the statute in such case made and provided, and of evil example."

The defendant, upon this complaint, being found guilty, appealed to the superior court for the county of Hartford, where it was tried, at the term holden in December, 1855.

Upon the trial, the state first offered one Baker, as a witness, to prove a sale to himself, by the accused, of intoxicating liquor, on some day during the month of September, or October, A. D. 1855: and after such testimony of said Baker had been heard, the state offered to prove by said Baker, and by other witnesses, another and a different sale on a different and previous day, claiming that the information charged two sales upon said accused, in two different counts. To this evidence, the counsel for the defence objected, on the ground that said information contained but a single count, and at least, charged but one offence, and after evidence on the part of the state of one sale, it was not competent to offer evidence of another sale.

The jury rendered a verdict of guilty, and the defendant then moved for an arrest of judgment, on the ground of the insufficiency of the information. He also moved for a new trial.

*Robinson* and *Briscoe*, in support of the motion.

1. It is a right of the accused to be fairly apprized of the specific charge made against him. 35 Maine, 489. Whart. Am. Cr. L., 173 *et seq*. It is not enough to adopt the language of a statute, in describing an offence, when very general terms are employed for that purpose. *Commonwealth* v. *Bolkom*, 3 Pick., 281. *State* v. *Miles*, 4 Port., 577. *State* v. *Lockstand*, 4 Port., 572. *State* v. *Brutton*, 4 Port., 601.

The act in question was not designed to vary the common law rules of criminal pleading, but on the contrary, requires a description of "the kind and quantity of liquor sold or manufactured." Rev. Stat. p. 831, § 24.

It shall not be necessary, says the statute, "to set forth exactly the kind or quantity, or the exact time of selling;" language unavoidably implying, that some kind, some quantity, and some time must be alleged, according to the known requirements of the common law. The defect is not aided by any averment that a further description of the liquor was unknown to the prosecutor. Whart. Am. Cr. Law. 171.

2. The information is insufficient, inasmuch as it does not negative the exception, contained in the enacting and descriptive clause of the statute. It does not appear that the alleged sales were not lawful sales. The defect is fatal. Archbold, Cr. Pl. p. 48. *Blasdell* v. *Hewitt*, 3 Caines' Cas. in Error, 137. *State* v. *Keen*, 34 Maine R., 500. *State* v. *Barker*, 18 Verm., 195. *State* v. *Somers*, 3 Verm., 156. *Thibault* v. *Gibson*, 12 Mees. & Welsby, 88. *Rawlings* v. *State*, 2 Maryl. R., 201. *Missouri* v. *Buford*, 10 Mo. R., 703. *Brutton* v. *State*, 4 Porter (Ind.) 601. *Commonwealth* v. *Maxwell*, 2 Pick. R., 138.

The fact, that reference is made to subsequent sections,

for the details of the exception, ought not to vary the rule. The exception is still inseparably connected with the enacting clause. *State* v. *Palmer*, 18 Verm., 570.

3. The information is bad for duplicity. The two counts appear to be for the same charge. The sale of the same thing to the same person is alleged in each. The use of the word, " other," was technically necessary to distinguish the offences, if more than one was intended by the pleader. *Hart* v. *Langfitt*, 2 Ld. Raym., 841. The allegation of different days does not separate the charges; the proof of the precise time of an offence being utterly immaterial and no *postea* being averred in the second count. While the two counts, on their face, necessarily refer to the same offence, the objection is fatal, not only on demurrer, but after verdict.

II. The court erred in receiving evidence of more than one offence. Whether the objection for duplicity be too late or not, the information did not fairly apprize the defendant of more than one charge, and no evidence should have been heard relative to the second count. It should have been rejected as surplusage.

*Cornwall*, (state attorney,) against the motion.

1. The strictness, anciently required in indictments, informations and complaints, has in modern times, both in England and in this country, been relaxed. 2 Mason., 144. *Whiting* v. *The State*, 14 Conn. R., 490. *Rawson* v. *The State*, 19 Conn. R., 295–6. *Goddard* v. *The State*, 12 Conn. R., 448.

The complaint is as particular, as the statute that creates the offence charged.

It is not necessary to state, in the complaint, the kind, quantity, and price of the liquor sold, none being essential to constitute the offence. It is sufficient to describe the offence in the words of the statute. Statutes 831. *Whiting* v. *The State*, 14 Conn. R., 487. *Barth* v. *The State*, 18 Conn. R.,

432. *Rawson* v. *The State,* 19 Conn. R., 292. *Commonwealth* v. *Odlin,* 23 Pick., 275–9. *Commonwealth* v. *Thurlow,* 24 Pick., 374. *Commonwealth* v. *Clapp,* 5 Pick., 41. *Commonwealth* v. *Hooper,* 5 Pick., 42. *People* v. *Adams,* 17 Wend., 475. *The State* v. *Fox,* 1 Har., 152. *The State* v. *Hickman,* 3 Hals., 299. *The State* v. *Little,* 1 Verm., 331. *The State* v. *Click,* 2 Ala., 26. *State* v. *Bullard,* 13 Ala., 413. *Buckley* v. *State,* 2 Green., 270.

2. It is no objection to this complaint, that the grand juror did not allege that the liquors, sold by the defendant, were not imported liquors, sold in the original package, or that the defendant did not sell, as agent of the town.

There are no provisos, or exceptions, in the eighth section of the law upon which the complaints are brought.

If provisos, or exceptions are contained in distinct clauses of the law, it is not necessary to state in the complaint, or information, that the defendant does not come within the exception, or to negative the provisos it contains.

3. Where the exception is stated in the enacting clause of the statute, it must be negatived in the information. But where it is in a subsequent, or different clause of the statute, it is mere matter of defence, and not necessary to be negatived. 7 Black., 590. 3 Bac. Ab., 570. 6 B. & C., 430. 1 B. & A., 94. *Commonwealth* v. *Maxwell,* 2 Pick., 139. 4 Johns., 304. *Worley* v. *The State,* 11 Humph., 172. *The State* v. *Adams,* 6 N. H., 533. *The State* v. *Gurney,* 37 Maine, 149.

The words in the complaint, which are the words of the statute, (viz.) " in violation of the act &c." negative all the exceptions, and provisos contained in the act.

ELLSWORTH, J. It is objected to this complaint, that it does not state, with particularity, the quantity and kind of spirituous liquors which were sold by the defendant. Whatever force there might have been in this objection, upon the principles of the common law, in relation to felonies and

crime, of a high order, there can be none in this state, since the cases of *Whiting* v. *The State*, 14 Conn. R., 490, *Bronson*ˉv. *The State*, 19 Conn. R., 295, *Goddard* v. *The State*, 12 Conn. R., 448, 2 Mass., 144. Besides, we think the statute on which this prosecution is founded, § 24, cures the defect, if indeed there be one at the common law.

The more serious objection to the complaint is, that it does not negative an exception, said to be contained in the enacting clause. The language of the statute, p. 817, § 1, is as follows: " no person shall manufacture, or sell, by himself, his servant or agent, directly or indirectly, any spirituous or intoxicating liquor, or any mixed liquor, of which a part is spirituous or intoxicating, except as is hereinafter provided."

Then follow, in the succeeding sections, the exceptions, with certain restrictions and regulations. Now the claim is, that, by the reference in the first section, the subsequent exceptions are incorporated into the first section, and become a part of it, as effectually as if they were recited *verbatim*, and that they must therefore be negatived, according to the well settled rule of declaring, that an exception, contained in the enacting clause of the statute, must be negatived by the prosecutor or pleader. As to this general rule of law, we believe there is no doubt; but in the application of it, and especially in the language that has been used, quite loose and unguarded as we think, there is great confusion and apparent inaccuracy, even by those who understood the rule as we do. The rule, as everywhere laid down is, that, after words of general prohibition, whatever comes in by way of proviso, or exception, need not be negatived by the pleader, but must be set up by the accused. In this view, it is immaterial whether the proviso, or exception, be contained in the enacting or subsequent sections, if it only follow a general prohibition; but if there be no general words of prohibition, in the description of the offence, i. e. the clause which describes, and forbids the act intended to be prohibited, then it is only a limited prohibition, and the prosecutor must

allege, in the complaint, the circumstances necessary to show that the thing prohibited has been done. As, for example, this statute declares that no person shall manufacture or sell &c.—a general prohibition; all persons are prohibited, but if it had declared that no person under the age of twenty-one, or no colored man should, &c., then there is no prohibition, unless it is alleged that the person accused was under twenty-one, or a person of color. The distinction may not be a very important one, in an abstract point of view, but it is a rule of pleading as well settled as any other and acknowledged to be the law everywhere, and we shall not undertake to alter, or overrule it,—nor is it necessary for the defence of the accused, as he can avail himself of the exception, or proviso, upon the trial, wherever it may be located in the enactment. In *Hart.* v. *Cleis*, 8 John., 41, the prisoner was complained of, for violating a statute of the state, which, in its sixth section, declared, " that if any person shall export, or attempt to export, any slave, or any servant born of a slave, and made free by virtue of the act, to any place without the state, except as is hereinafter provided &c., he shall pay" &c.—and the next section provides that persons travelling, or removing, from the state may take their slaves &c. The objection to the declaration was, that it is not alleged that Baker, (the slave,) was not liable to be exported out of the state. The declaration however was held good; the court say that the exception forms no part of the plaintiff's title, or right of action, but is merely matter of excuse for the accused. The excepted cases are not incorporated into the body and substance of the enacting clause, but are given as exceptions, and the instances are not specified in that, but in the subsequent section. The same was decided in 3 John., 438, and 4 John., 304; in the last case, Van Ness, J., delivering the opinion of the court, cites with approbation the rule, as laid down by Treby, C. J., with the concurrence of the rest of the court; 1 Lord Ray, 119, " that where an exception is incorporated into the body of

the clause, he, who pleads the clause, ought to plead the exception, but where there is a clause for the benefit of the pleader, (the prosecutor,) and afterward follows a proviso, which is against him, and for the benefit of the accused, he shall plead the clause and leave it to the accused to show the proviso. The same distinction was adopted in *King* v. *Bryan*, 2 Str. 1101, and in *Spieres* v. *Parker*, 1 T. R., 141. It is of no importance in what section the proviso is placed. By " clause" in these cases, I understand, the words of prohibition; that sentence of the section, which at first describes and prohibits the general offence, though it is followed by exceptions, as in the statute in question. All are here forbidden to sell, which language describes the offence, and contains the universal prohibition; this is enough for the prosecutor. In *Rex* v. *Pemberton*, 2 Burr., 1036, the court say, " it is enough for the prosecutor to bring the case within the general provision of the statute upon which the indictment is founded, if the statute has general prohibitory words in it, and they refer to remarks by Foster. J., Wilmot, J., and Dennison, J., that even if there be a clause of exception contained in the same statute which excuses persons under such and such circumstances, or gives license to persons so and so qualified, so as to excuse, or except them out of the general prohibitory words, it must come by way of plea, or evidence. In Com. Dig., (indictment G. 5,) the rule is laid down thus; " where an indictment is brought on a statute which has general prohibitory words, it is sufficient to charge the offence generally in the words of it, and if a subsequent statute, or even a clause of exception in the same statute excuse, or except, persons particularly circumstanced, out of the general words, such excuse, or exception, must come by way of plea, or evidence. In Bac. Ab. (indictment H. 4,) the rule is laid down thus; " there is no need to allege in an indictment on a statute, that the defendant is not within any of the provisos, notwithstanding the purview expressly takes notice of them, in such special cases, as are expressed in the act."

The same rule of declaring is laid down in 1 Ch. C. L., 190. 2 Hawk. P. C. Wheat. Dig., Hills case, 5 Gratt., 690. 27 Maine R., 154, and in Popham, which contains an early and excellent case.

It is further claimed that the complaint is bad for duplicity. Without expressing any opinion whether there be ground for this objection, we are satisfied the objection comes too late, after verdict. In Arch. C. Law, 53, it is laid down that in civil actions, the usual mode of objecting to pleadings for duplicity is, by special demurrer. It is cured by general demurrer, or by the defendants pleading over. In criminal cases, the defendant may object to it, by special demurrer; perhaps also upon general demurrer; or the court in general, upon application, will quash the indictment. But it is extremely doubtful, whether it can be made the subject of a motion in arrest of judgment, or of a writ of error, and it is cured by verdict of guilty as to one of the offences, and not guilty as to the other, and the present case is that precisely. On this point, I refer to 1 Chit. C. L. 204, and to Lazier's case, 10 Gratt. R., 708, which was a prosecution for murder, with two counts, apparently for the same murder, varying in no essential particular. It was claimed that there was duplicity, but the court held otherwise; they say "it is usual to obviate this technical objection of duplicity by inserting in the counts after the first, the word further, before the subject of the offence, but it is not inserted in all cases, and its insertion is in no case indispensably necessary. It is not usual to insert it in indictments for murder, but the party murdered is described in all the counts as the same person, and the instrument of death is not always stated in the different counts to be a different instrument. The indictment, in this case, conforms to precedents, furnished by approved writers on criminal law."

We do not think there is any force in the objection that evidence of more than one offence was received on the trial.

The evidence offered, and received, was pertinent to the issue, and was not therefore objectionable. The motion in arrest is not to be allowed, and no new trial is to be granted.

In this opinion, the other Judges, STORRS & HINMAN, concurred.

New trial not to be granted.