Williams, J.
As the statute on which this prosecution is founded is of recent enactment, and the questions presented are likely to arise in other cases, it has been deemed proper to report the decision upon the motion.
1. The statute provides (section 4403/), that any person shall be regarded as practicing medicine or surgery within the meaning of the act, “who shall append the letters M. D. or M. B. to his name, or for a fee prescribe, direct or recommend for the use of any person, any drug or medicine or other agency for the treatment, cure or relief of any wound, fracture or bodily injury, infirmity or disease.” And, it is contended that, as the indictment, in the same count, charges that the accused prescribed a medicine for the use of a person named, and appended the letters “M. D.” to his name subscribed to directions written on the package for the use of the medicine, two distinct offenses are charged, rendering the indictment obnoxious to a motion to quash on the ground of duplicity.
It appears to be a well settled rule of criminal pleading that, when an offense against a criminal statute may, in the same transaction, be committed in one or more of several ways, as therein provided, the indictment may, in a single count, charge its commission in any or all of the ways specified in the statute, if they are not repugnant; and proof of any one of them will sustain the indictment. This rule is more fully stated in Bishop’s New Criminal Procedure, Vol. 1, section 436, as follows; “A statute often makes punishable the doing of one thing, or another, or another, sometimes specifying a considerable number of things. Then by proper and ordinary construction a person who, in one *680 transaction does all, violates the statute but once, and incurs only one penalty. Yet he violates it equally by doing one of the things. Therefore, an indictment on such a statute may allege, in a single count, that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunction and where the statute has “or,” and it will not be double, and it will be established at the trial by proof of any one of them.”
The offense of practicing medicine without compliance with the statute, may, as it is defined in section 4403/j be committed either by prescribing a medicine or remedial agency for a fee, or by appending to one’s name the letters M. D.; but, it is apparent that the statute may be violated in both of these ways in the same transaction. It is not unusual in prescribing a remedy, whether it is prepared by the physician, ready for use, or is to be filled by a druggist, to accompany the prescription with directions for the use of the remedy; and when such direction is written and signed with the usual professional designation or abbreviation of a physician appended to the signature, by a person not authorized to practice medicine, there is committed in the same transaction, an offense against each of the provisions of the statute, and both may be charged in a single count, without rendering the indictment objectionable on the ground of duplicity. Under such indictment there may be a conviction upon proof' of a violation of either of the provisions; and such conviction, or an acquittal, will necessarily be a bar to any further prosecution based on that transaction.
Nor is this indictment open to the objection of duplicity because it charges that the defendant *681 prescribed, directed and recommended the remedy 7 and describes the latter as a drug, medicine, and agency for the treatment, cure and relief of a wound, fracture and bodily injury, although the statute is in the alternative, and makes it an offense to do either of the things mentioned; for they are not repugnant, and all of them may occur in the same transaction, constituting but one offense. Upon this principle it was held that where a statute made it a crime to use instruments, or administer drugs, to produce an abortion, an indictment drawn on it, was not double which charged that both of those means were employed by the defendant in the commission of the offense. Commonwealth v. Brown, 14 Gray, 419. And under a statute which prohibited the unlicensed sale of rum, brandy, whiskey, or gin, it was held proper to charge, in a single count, the sale of all these various kinds of liquors. Ranson v. State, 19 Conn., . 292. Numerous cases are found in the books in which indictments so drawn on alternative statutes, have been sustained. Bishop on Statutory Crimes, sections 244, 383; Bishop’s New Criminal Procedure, section 586.
2. The indictment charges that, at the time the defendant engaged in the practice of medicine, as therein described, he had not left for record with the probate judge of the county in which he resided and so practiced, a certificate of the State Board of Medical Registration and Examination entitling him to practice medicine or surgery in this state, as required by the statute; but it contains no averment that he was not a graduate in medicine or surgery, or a legal pactitioner under the laws in force when the statute was passed; and the want of such averment is one of the objec *682 tions made to the indictment on the demurrer. The contention is, that such an averment is necessary to the statement of an offense under the statute, because, neither those who were legal practitioners at the time of its passage, nor graduates of medical colleges, are required to leave certificates obtained by them from the medical board, with the probate judge; that requirement being applicable, it is said, to those only who receive certificates upon examination by the board. We are unable to adopt that construction of the statute. It is made necessary by section 4403c, for every person, without exception, to first comply with the provisions of the statute before engaging in the practice of medicine or surgery; and section 4403y, makes it a misdemeanor for any person to practice medicine or surgery without having first complied with the provisions of sections 4403c and 4403«J. Compliance with both of these sections is essential. By the first of them, all persons who desire to engage in the practice of medicine or surgery, those who were legal practitioners at the time of the enactment of the statute, and graduates of medical colleges, as well as others who were neither, are required to first obtain a certificate entitling them to do so, from the board; the only limitation upon that requirement being, that persons engaged in the practice when the statute was enacted are authorized to continue therein for a period of ninety days after it took effect, in order to enable them to apply for and obtain the certificate required; but, if they would thereafter engage in the practice, they must have the necessary certificate. There is a difference in the mode of obtaining these certificates. A graduate of a medical college is required to present *683 his diploma to the board of examination, accompanied by his affidavit that he is the person to whom it was granted, and stating his age and the time spent in the study of medicine; but this does not necessarily entitle him to a certificate to practice. The board must pass upon the genuineness of the diploma, and determine whether the college issuing it was, at the time, a chartered medical institution in good standing; and, though it be genuine and issued by such a medical institution, the board may nevertheless refuse to grant a certificate to the applicant, if, in the opinion of the board, his habits or character render him unfit to practice. A person who was a iegal practitioner when the act was passed, is required to furnish the board satisfactory evidence to that effect; and all others must undergo an examination. But, while there is this difference in the methods by which certificates to practice may be obtained from the board, no person of either class is entitled to practice medicine in this state after ninety days from the passage of the act, without having first obtained the necessary certificate from the medical board. The only difference in the certificates is in their duration; those received on examination entitle the holder to practice for one year, while the others continue in force indefinitely unless revoked by the board. Then, in explicit terms, section 4403d requires that every person receiving a certificate to practice medicine or surgery, shall, before entering upon the practice, leave his certificate with the probate judge of the county in which he resides, for record. In this requirement there is no exception in favor of graduates, or former legal practitioners, nor any distinction on account of the method of obtaining the certificate, *684 or otherwise. The statute, in this respect, was designed to operate uniformly upon all members of the medical profession, and its purpose was to provide a public record, open at all times to public inspection, containing a complete list of all authorized resident practitioners in the county, from which it can be readily ascertained who are legally authorized to practice the profession. This is obvious enough from the subsequent provisions of that section, by which it is made the duty of the probate judge to make a record of all certificates, in a book to be kept for that purpose, note on the margin the time when received, or revoked, and any change in the location of the owner, or his death, and furnish annually to the secretary of the board, a list of all certificates recorded and in force, and those revoked, or the owners of which have removed from the county, or died during the year. And in case of a change of residence to another county, the owner of the certificate is required to have it recorded anew by the probate judge of the county to which he removes. An averment in an indictment, therefore, which charges that the defendant engaged in the practice of medicine or surgery at a time more than ninety days after the passage of the statute, without having first left with the probate judge of the proper county a certificate granted him by the medical board of registration and examination, is a sufficient averment of his failure to comply with the provisions of the statute; and it is unnecessary to aver either, that he was not a legal practitioner when the statute was passed, or not a graduate of a medical college.
3. It is further contended in support of the demurrer, that the indictment is defective because it *685 contains no averment which takes the defendant, or the act charged, out of the operation of the proviso contained in section 4403/. The language of section 4403g is that:- “Any person practicing medicine or surgery as defined in section 4403f in this state, without having complied with the provisions of sections 4403c and 4403d, except as therein provided, shall be deemed guilty of a misdemeanor,” etc. The phrase “except as therein provided,” evidently refers to the proviso contained in section 4403/; and the language of that section, after defining what shall be regarded as practicing medicine or surgery, is as follows: “Provided, however, that nothing in this act shall be construed to prohibit service in case of emergency, or the domestic administration of family remedies; and this act shall not apply to any commissioned medical officer of the United States army, navy or marine hospital service in the discharge of his professional duties, nor to any legally qualified dentist when engaged exclusively in the practice of dentistry, nor to any physician or surgeon from another state or territory who is a legal practitioner of medicine or surgery in the state or territory in which he resides, when in actual consultation with a legal practitioner of this state, nor to any physician or surgeon residing on the border of a neighboring state, and duly authorized under the laws thereof to practice medicine or surgery therein, whose practice extends into the limits of this state.” It is claimed that, inasmuch as the section which makes it a misdemeanor to practice medicine without having complied with the statute refers to section 4403/ for a definition of what shall constitute such practice, from which the persons and *686 cases mentioned in the proviso are excepted, the exceptions enter into the description of the offense; so that, the indictment should, by negative averment show that the defendant and the act charged against him are not within the proviso. The statement of the proposition is not without plausibility, but in our opinion it cannot be maintained. “Where a statute contains provisos and exceptions in distinct clauses it is not necessary to state in the indictment that the defendant does not come within the exception, or to negative the proviso it contains. Nor is it even necessary to allege that he is not within the benefit of its provisos, though the purview should expressly notice them, as by saying that none should do the act prohibited except in cases thereafter excepted. For all these are matters of defence which the prosecutor need not anticipate, but which more properly come from the prisoner.” 1 Chitty Crim. Law*, 284; 2 Hawk, P. C., c. 25, section 113.
This rule is aptly illustrated and applied in State v. Miller, 24 Conn., 522, where the defendant was prosecuted under a statute which prohibited the manufacture or sale of any spirituous or intoxicating liquors ‘ ‘excep t as hereinafter p rovided. ’ ’ The next section contained certain exceptions. It was held the exceptions need not be negatived. And it is there said by the court that, “The rule everywhere laid down is, that after words of general prohibition whatever comes in by way of proviso or exception need not be negatived by the pleader but properly comes from the accused.” So, in the case of State v. Abbey, 29 Vt., 60, the defendant was indicted under a statute which provided that, “if any person who has a former husband or wife living shall marry another person or shall continue *687 to cohabit with such second husband or wife in this state, he or she shall, except in the cases mentioned in the following section, be deemed guilty,” etc. The following section provided that “this act shall not extend to any person whose husband or wife has been continuously beyond the sea, or out of the state for seven years,” etc. It was held not necessary for the indictment to negative the exception. The same rule was applied, under a similar statute, in Com. v. Jennings, 121 Mass., 47, where it is observed by Gray, C. J., that “it is established by a great preponderance of authority that where an exception is not stated in the enacting clause otherwise than by merely referring to other provisions of the statute, it need not be negatived unless necessary to a complete definition of the offense.” And see Hart v. Cleis, 8 Johns., 33; Com. v. Hill, 5 Gratt., 682.
The test appears to be that, when an exception or proviso in a criminal statute is a part of the description of the offense, it must be negatived by averment in the indictment in order to fully state the offense; but where its effect is merely to take certain persons or acts out of the operation of the general prohibitory words of the statute, the negative averment is unnecessary. Read together, sections 4403/ and 4403y amount to this: That there is a general prohibition against persons practicing medicine by prescribing, etc., or appending the abbreviated professional designation to his name, without having first complied with the statute; and then, by the proviso, specified persons and cases are excepted from the operation of the statute. An indictment which charges a violation of the general prohibitory provision, makes a prima facie case; and if the accused, or *688 the act with which he is charged, comes within any clause of the proviso, that is a matter which lies more especially within his knowledge, and should be brought forward by him in defence. This indictment was therefore not demurrable because it contained no averment negativing the existence of the facts to which the proviso relates.
Motion overruled.