## PETRO v. THE STATE OF OHIO.

*Criminal law — Indictment or information — Negative averments*
*unnecessary, when — Intoxicating liquors — Unlawful possession*
*— Sections 6212-14 and 6212-15, General Code — Possession in*
*bona fide private residence.*

1. A negative averment to the matter of a proviso in a statute is not
   requisite in an information unless the matter of such proviso
   enters into and becomes a part of the description of the offense,
   or is a qualification of the language defining or creating it.

2. The language of Section 6212-15, General Code, defining the of-
   fense of unlawfully possessing intoxicating liquor, is not quali-
   fied by the provision of Section 6212-14, General Code, that "the
   term 'possess' shall not apply to intoxicating liquor in a bona fide
   private dwelling," neither does such provision enter into or be-
   come part of the description of the offense.

(Decided March 26, 1921.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. T. L. Strimple,* for plaintiff in error.
*Mr. O. C. Bell,* for defendant in error.

INGERSOLL, J.   Mike Petro, the plaintiff in error,
was arrested on February 11, 1921.   The affidavit
under which he was arrested charged that he did
"unlawfully possess certain intoxicating liquor,
to-wit, alcohol, at 2301 Pittsburgh Street."

The defendant plead guilty in the municipal court
of the city of Cleveland, and was fined $1,000 and
costs.

Section 3 of the Crabbe Law (Section 6212-15,
General Code), which makes the unlawful posses-
sion of intoxicating liquor an offense, reads in part
as follows:

"No person shall, after the passage of this act, * * * possess * . * * any intoxicating liquors, except as authorized in this act."

Section 2 of the act (Section 6212-14, General Code) reads, in part:

"The term 'possess' shall not apply to intoxicating liquor in a bona fide private dwelling."

The complaint made by plaintiff in error is to the effect that the affidavit does not contain the negative allegation that the "possession" charged was not in his *bona fide* dwelling house, and that therefore no offense was charged.

The question before the court for decision, then, is whether it is necessary to set forth the negative averment to the matter of a proviso in a statute in an information or affidavit charging an offense.

Our conclusion, after reviewing carefully the Ohio authorities on this proposition, is: That a negative averment to the matter of a proviso in a statute is not requisite in an information unless the matter of such proviso enters into and becomes a part of the description of the offense, or is a qualification of the language defining or creating it, and that the provision contained in Section 2 of the Crabbe Law above cited does not enter into and become a part of the description of the offense or qualify the general language defining the offense.

The language of Section 3, which is the enacting clause of the law as to the offense of "possessing," is general, and makes it an offense for *anyone* to have intoxicating liquor in his possession. Section 2 simply creates an exception to the general provisions of Section 3, charging the offense, and ex-

cepts from the operation of the law the possession of intoxicating liquor by anyone in his own private dwelling-house.

The leading authorities on this proposition are, first, the case of *Hirn* v. *State,* 1 Ohio St., 15, in which the plaintiff in error was arrested for the sale of liquor for *medicinal and pharmaceutical purposes,* and the law contained an exception that the sale for such purposes should not be illegal, and the court held that inasmuch as the exception of the sale for medicinal and pharmaceutical purposes pointed directly to the *character of the offense* and became a material qualification in the description of it the indictment for that offense was defective without the negative averment. The general principle, however, is laid down by the court in the sixth paragraph of the syllabus, which reads as follows:

"A negative averment to the matter of an exception or proviso in a statute is not requisite in an indictment, unless the matter of such exception or proviso enter into and become a part of the description of the offense, or a qualification of the language defining or creating it."

The case was followed by the case of *Billigheimer* v. *State,* 32 Ohio St., 435, which was a trial before the police court of Cincinnati for a violation of the statute forbidding common labor on the first day of the week, and contained an exclusion from its operation in favor of those "who conscientiously do observe the seventh day of the week as the Sabbath."

It was claimed that the information in that case was insufficient because it did not contain the neg-

ative averment with reference to this proviso. The court, in passing upon this claim, says, on page 437:

"II.   It is claimed that the information is insufficient, and that it should have contained the matter set forth in the statute under the proviso. This statute, S. & S. 289, makes the act of common labor on Sunday an offense, but adds: *'Provided,* nothing herein contained in relation to common labor on said first day of the week, commonly called Sunday, shall be construed to extend to those who conscientiously observe the seventh day of the week as the Sabbath.'

"We do not think it is necessary that the information should have averred anything with reference to this proviso. It might be set up as a matter of defense.  *  *  *

"But the provision in the statute before us is not part of the description of the offense; it is something in the nature of a *personal privilege.*"

The proviso of Section 2 of the Crabbe Law, allowing a man to "possess" intoxicating liquors in his private dwelling, is also in the nature of a personal privilege and analogous to the personal privilege of observing the seventh day of the week as the Sabbath instead of the first.

The court, in the opinion in the *Billigheimer case, supra,* further discusses the rule as follows:

"The rule as given in *Hirn* v. *The State,* is that when a criminal statute contains an exception in the enacting clause, that exception must be negatived in the indictment; but when the statute contains provisions and exceptions in distinct clauses, it is not necessary to allege that the defendant does not

come within the exceptions, nor to negative the
provisos.

"In the act of May 1, 1854, 2 S. C. 1134, to pro-
vide against the evils resulting from the sale of in-
toxicating liquors, in the 8th section, it is provided
that the provisions of the 1st and 4th sections shall
not extend to certain wine, beer, ale, or cider. In
an indictment for violating the 1st section, it is held
not necessary that there should be an averment that
the liquor sold was not wine, beer, ale, or cider.
The proviso forming no part of the description of
the offense, its benefits must be taken advantage of
by the accused in making his defense. *Becker* v.
*The State,* 8 Ohio St., 391. In *Stanglein* v. *The
State,* 17 Ohio St., 461, the indictment was for
bigamy. The statute on the subject first defines
the offense, saying that if a married person, having
a husband or wife living, shall marry again, they
shall be guilty, etc. Then there is another clause
of the section, just as in the law we are consider-
ing, saying, that nothing in this section shall be con-
strued to extend to a person where husband or wife
has been absent five years and unheard of. The
language of this proviso, is entirely similar to that
of the one before us. Its relation to the context is
entirely similar, and the two cases upon this point
are quite analogous. In *Stanglein's* case it was held
not necessary in the indictment for bigamy to aver
that the former husband or wife had not been heard
from, etc. That fact, if it existed, being matter of
defense to be proved by the accused. The court in
this case observe, that if provisos and exceptions
are contained in distinct clauses, it is not necessary
to state in the indictment, that the defendant does

not come within the exceptions, or to negative the provisos it contains. These are matters of defense which the prosecutor need not anticipate, as they should more properly come from the prisoner."

In the case at bar the proviso under consideration is also found in a separate section of the law, and therefore comes within the rule above laid down, that it is not necessary, in the affidavit or information, to negative the proviso.

The case of *Hale* v. *State,* 58 Ohio St., 676, was a prosecution under the act regulating the practice of medicine in the state of Ohio. The court held, in the fourth proposition of the syllabus, as follows:

"Where an exception or proviso in a criminal statute is a part of the description of the offense, it must be negatived by averment in the indictment in order to fully state the offence; but when its effect is merely to except *specified acts or persons* from the operation of the general prohibitory words of the statute, the negative averment is unnecessary."

The opinion of the court, in discussing the point in question, at page 685, contains the following language:

"It is claimed that, inasmuch as the section which makes it a misdemeanor to practice medicine without having complied with the statute refers to section 4403f for a definition of what shall constitute such practice, from which the persons and cases mentioned in the proviso are excepted, the exceptions *enter into the* description of the offense; so that, the indictment should, by negative averment show that the defendant and the act charged against

him are not within the proviso. The statement of the proposition is not without plausibility, but in our opinion it cannot be maintained." ·

And this is the main ground of the argument made by counsel for plaintiff in error in the case at bar, and very ably and forcibly made, but it cannot be maintained in the instant case for the reason that the proviso of Section 2 is not part of and does not enter into the description of the offense.

If the proviso of Section 2, as to "possessing," contained the additional words "for the owner's personal use," or similar words, such words, in analogy to the exception of a sale of intoxicating liquor for "medicinal or pharmaceutical purposes" in *Hirn* v. *State, supra,* would have "entered into the description of the offense" and should have been negatived in the affidavit or indictment; but the Crabbe Law contains, first, a general prohibition against *anyone* possessing liquor, and, then, in Section 2, a general exception or proviso allowing anyone to "possess" it in his *bona fide* private dwelling, and it makes no difference whether you term it an exception or a proviso.

We quote again from *Hale* v. *State,* at page 686:

" 'Where a statute contains provisos and exceptions in distinct clauses it is not necessary to state in the indictment that the defendant does not come within the exception, or to negative the proviso it contains. Nor is it even necessary to allege that he is not within the benefit of its provisos, though the purview should expressly notice them, as by saying that none should do the act prohibited except in cases thereafter excepted. For all these are mat-

ters of defence which the prosecutor need not anticipate, but which more properly come from the prisoner.' 1 Chitty Crim. Law, 284; 2 Hawk., P. C., c. 25, section 113.

"This rule is aptly illustrated and applied in *State* v. *Miller*, 24 Conn., 522, where the defendant was prosecuted under a statute which prohibited the manufacture or sale of any spirituous or intoxicating liquors 'except as hereinafter provided.' The next section contained certain exceptions. It was held the exceptions need not be negatived. And it is there said by the court that 'The rule everywhere laid down is, *that after words of general prohibition whatever comes in by way of proviso or exception* need not be negatived by the pleader but properly comes from the accused.' * * *

"The test appears to be that, when an exception or proviso in a criminal statute is a part of the description of the offense, it must be negatived by averment in the indictment in order to fully state the offense; but where its effect is merely to take certain persons or acts out of the operation of the general prohibitory words of the statute, the negative averment is unnecessary."

The latest utterance of the supreme court on this question is found in the case of *Brinkman* v. *Drolesbaugh*, 97 Ohio St., 171, one of the so-called "fish-warden cases." The court, in its opinion, on page 177, quotes with approval the decision of the court in *Hale* v. *State, supra,* and follows its approval thereof with the following significant statement:

"If the acts complained of in this case were within the exception, the defendant's rights were

fully protected by permitting him to set them up in defense. These were matters as to which he had particular and special knowledge, and no harm can come to him nor to the state by imposing upon him the duty of bringing himself within such exceptions."

The question of unlawful search and seizure referred to by counsel for plaintiff in error in his brief is not involved in this case, and we do not in any way pass upon the provisions of the Crabbe Law, referring to the power to search dwellings for intoxicating liquor.

In view of the doctrine so clearly laid down by the foregoing authorities, we are of the opinion that it was not necessary for the affidavit on which the arrest was based in the case at bar to contain the negative allegation that the possession of the alcohol by defendant was not in his private *bona fide* dwelling. We find, therefore, that the affidavit was sufficient, and the judgment of the lower court is affirmed.

*Judgment affirmed.*

WASHBURN, P. J., and VICKERY, J., concur.